**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CLAUDIA GASTELUM,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE, doing business as AMERICAN FAMILY MUTUAL INSURANCE, a Wisconsin corporation; CINEMA GREENBERG, Esq., Individually; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>        Defendants. | 2:14-cv-00045-RCJ-VCF<br><br>ORDER |

      This case arises out of a car accident in Las Vegas. (Compl. ¶ 6, ECF No. 1-2, at 4). Plaintiff Claudia Gastelum, a Nevada resident, brought suit in the Eighth Judicial District Court of the State of Nevada, asserting various causes of action against Defendant American Family Mutual Insurance ("American Family"), a Wisconsin Corporation, and its employee, Cinema Greenberg ("Greenberg"), who is also a Nevada resident. (*Id.* at ¶¶ 3, 10–16; Mot. Remand, ECF No. 5, at 5). On January 9, 2014, American Family filed a notice of removal, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). On January 15, 2014, Defendants moved to dismiss Defendant Greenberg from the underlying state court action, but the state court has not yet ruled on the motion. (Reply, ECF No. 7, at 2).

      American Family has now voluntarily moved to remand, (Mot. Remand, ECF No. 5), acknowledging that removal was premature because the parties are still awaiting the state court's

written order dismissing Greenberg from the action, (*id.* at 3). Plaintiff agrees and purports to join the motion.¹ (Resp. Mot. Remand, ECF No. 6, at 2).

In diversity actions, all plaintiffs must be diverse from all defendants. *See, e.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 380 (1978) (citing *Strawbridge v. Curtiss*, 78 U.S. 172 (1806)). As the parties concede, Plaintiff and Defendant Greenberg are both Nevada citizens, (Mot. Remand, ECF No. 5, at 3; Resp. Mot. Remand, ECF No. 6, at 10), meaning that complete diversity is presently lacking in this case, *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.") (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Therefore, this Court lacks subject matter jurisdiction under § 1332, and the motion to remand (ECF No. 5) is granted.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to remand (ECF No. 5) is GRANTED, and this case is REMANDED.

IT IS FURTHER ORDERED that the Clerk of the Court shall close the case.

IT IS SO ORDERED.

Dated: April 28, 2014

_____
ROBERT C. JONES
United States District Judge

---

¹ Plaintiff has not filed a formal joinder, (*see generally* Docket), but instead claims to join the motion in her response brief, (ECF No. 6, at 2). In the response, however, Plaintiff actually seeks an order "permanently remanding" the case, (*id.* at 7–11), which the Court finds unwarranted at this time. American Family remains free to remove this case should removal become appropriate.